**Thomas LEOUTSAKOS,
Plaintiff–Appellant,**

v.

**STANDERS, INC., Defendant–Appellee.**

No. 04–1432.

United States Court of Appeals,
Federal Circuit.

Oct. 13, 2004.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

*ORDER*

Standers, Inc. moves to dismiss the appeal filed by Thomas Leoutsakos as un-

timely filed. Leoutsakos opposes. Standers replies.

The district court entered judgment on April 30, 2004. The district court received Leoutsakos's notice of appeal on June 2, 2004. Any appeal from the April 30, 2004 judgment was due on June 1, 2004.* Fed. R.App. P. 4(a)(1)(A). Leoutsakos filed a motion for reconsideration on June 3, 2004. However, only a motion for reconsideration filed within 10 days of entry of judgment, as computed pursuant to Fed. R.App. P. 26(a)(2), will toll the time to file the notice of appeal. Fed. R.App. P. 4(a)(4). Leoutsakos's motion was not filed within 10 days of entry of judgment and thus did not toll the time to appeal the judgment.

The time to file a notice of appeal is statutory, mandatory and jurisdictional. *Monzo v. Dep't of Transp. Fed. Aviation Admin.,* 735 F.2d 1335, 1336 (Fed.Cir. 1984). Because Leoutsakos's appeal was untimely filed, we must dismiss his appeal. *Pinat v. Office of Personnel Management,* 931 F.2d 1544, 1546 (Fed.Cir.1991) (deadline for filing appeal or petition for review may not be waived).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

---

* The 30–day period ended on May 30, 2004. Because that day was a Sunday, and the next

day was a legal holiday, the notice of appeal was due on June 1, which was actually the 32nd day after entry of judgment. Leoutsakos's notice of appeal was received on the 33rd day after entry of judgment.